UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KINGATE GLOBAL FUND LTD. and KINGATE EURO FUND LTD., <br><br> Plaintiffs-Counterclaim-Defendants, <br><br> v. <br><br> DEUTSCHE BANK SECURITIES INC., <br><br> Defendants. | No. 11 CIV. 9364 (DB) <br><br> **ANSWER TO COUNTERCLAIM OF DEUTSCHE BANK SECURITIES INC.** |

Plaintiffs Kingate Global Fund Ltd. and Kingate Euro Fund Ltd. (together, the "Kingate Funds" or the "Funds"), by and through their undersigned attorneys, Quinn Emanuel Urquhart & Sullivan, LLP, answer, upon knowledge as to themselves and their own acts, and otherwise upon information and belief, the Counterclaim of Deutsche Bank Securities Inc. (the "Counterclaim"), as set forth below. For the avoidance of doubt, the Kingate Funds deny each and every allegation in the Counterclaim not specifically admitted herein.

1. The Kingate Funds admit that the Funds and Deutsche Bank Securities Inc. ("Deutsche Bank") entered into the Confirmation Letter on August 24, 2011, pursuant to which the Funds sold their claims to Deutsche Bank. The Kingate Funds further admit that, thereafter, they negotiated with Deutsche Bank to complete a purchase and sale agreement reflecting these terms. The Kingate Funds respectfully refer the Court to the Confirmation Letter for an accurate description of the terms thereof. The Kingate Funds deny the remaining allegations in Paragraph 1.

2. The Kingate Funds admit that they hold claims arising from their investment in Bernard L. Madoff Investment Securities LLC ("BLMIS," or the "Madoff Estate"), that the

1

aggregate principal amount of those claims is approximately $1,624,748,095, and that they agreed to sell those claims to Deutsche Bank. The Kingate Funds otherwise deny the allegations set forth in Paragraph 2.

3. The Kingate Funds admit that they are the defendants in the lawsuit styled *Irving Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, v. Federico Ceretti et al.*, Adv. Pro. No. 09-1161 (BRL) (Bankr. S.D.N.Y.) (the "Trustee Suit"). The Kingate Funds respectfully refer the Court to the complaint filed in that case for an accurate description of the allegations therein. The Kingate Funds otherwise deny the allegations set forth in Paragraph 3.

4. The allegations in Paragraph 4 state legal conclusions which do not require a response. To the extent a response is required, the Kingate Funds deny the allegations in Paragraph 4, and respectfully refer the Court to the complaint filed in the Trustee Suit for an accurate description of the allegations therein.

5. The Kingate Funds admit that they are in liquidation proceedings in the British Virgin Islands. The Kingate Funds otherwise deny the allegations in Paragraph 5.

6. The Kingate Funds deny the allegations in Paragraph 6.

7. The Kingate Funds deny the allegations in Paragraph 7.

8. The Kingate Funds admit that they have claims against the BLMIS estate for the amounts that they invested in BLMIS, and that two of the possible sources of recovery for holders of claims against BLMIS may include amounts held by the BLMIS estate and the Forfeiture Fund. The Kingate Funds otherwise deny the allegations set forth in Paragraph 8.

9. The Kingate Funds admit that the Forfeiture Fund is a potential source of recovery for holders of allowed claims against the BLMIS estate. The Kingate Funds otherwise

deny knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 9.

    10.    The Kingate Funds deny the allegations in Paragraph 10.

    11.    The Kingate Funds deny the allegations in Paragraph 11.

    12.    The Kingate Funds admit that Deutsche Bank sent a proposed draft purchase and sale agreement on or about August 18, 2011, and deny the remaining allegations set forth in Paragraph 12.

    13.    The Kingate Funds admit that the Funds and Deutsche Bank entered into the Confirmation Letter on August 24, 2011, and respectfully refer the Court to the Confirmation Letter for an accurate description of the terms thereof. The Kingate Funds further admit that the purchase price for the Funds' claims was 66.00% of the potential claims. The Kingate Funds further admit that aggregate principal amount of the Funds' claims is approximately $1,624,748,095. The Kingate Funds deny the remaining allegations in Paragraph 13.

    14.    The Kingate Funds admit that Deutsche Bank and the Kingate Funds exchanged several draft purchase and sale agreements in or around August and September 2011. The Kingate Funds further admit that Deutsche Bank, the Kingate Funds and the Madoff Trustee exchanged several versions of a proposed confidentiality agreement. The Kingate Funds deny the remaining allegations set forth in Paragraph 14.

    15.    The Kingate Funds admit that Deutsche Bank has refused to sign the purchase and sale agreement. The Kingate Funds deny the remaining allegations in Paragraph 15.

    16.    The Kingate Funds deny the allegations in Paragraph 16.

17. The allegations in Paragraph 17 state legal conclusions which do not require a response. To the extent a response is required, the Kingate Funds deny the allegations in Paragraph 17.

18. The Kingate Funds admit the allegations set forth in Paragraph 18.

19. The Kingate Funds admit the allegations in Paragraph 19 that they are investment vehicles incorporated in the British Virgin Islands, and that the Funds are currently in liquidation, subject to a formal Winding Up By Court process under the direction of the High Court of Justice of the British Virgin Islands.

20. The Kingate Funds admit the allegations set forth in Paragraph 20.

21. The Kingate Funds admit the allegations set forth in Paragraph 21.

22. The Kingate Funds admit that their purpose was to invest funds obtained from investors and that, over the course of many years, the Funds invested over $1.6 billion with BLMIS. The Kingate Funds otherwise deny the allegations set forth in Paragraph 22.

23. The Kingate Funds admit that they are involved in the Trustee Suit and respectfully refer the Court to the complaint filed in that case for an accurate description of the allegations therein. The Kingate Funds otherwise deny the allegations set forth in Paragraph 23.

24. The Kingate Funds admit that they are involved in the Trustee Suit and respectfully refer the Court to the complaint filed in that case for an accurate description of the allegations therein. The Kingate Funds otherwise deny the allegations set forth in Paragraph 24.

25. The Kingate Funds deny the allegations set forth in Paragraph 25.

26. The Kingate Funds admit that they hold claims against the BLMIS estate arising from their investment in BLMIS. The Kingate Funds further admit that two potential sources of

recovery for those claims are the BLMIS Estate and recoveries, if any, from the Forfeiture Fund. The Kingate Funds otherwise deny the allegations set forth in Paragraph 26.

27. The Kingate Funds admit that they hold claims against the BLMIS estate arising from their investment in BLMIS and that the BLMIS Trustee is applying a "net equity" approach to valuing such claims. The Kingate Funds otherwise deny the allegations set forth in Paragraph 27.

28. The Kingate Funds admit that a portion of the monies obtained in connection with the collapse of BLMIS — particularly a $2.2 billion portion of the BLMIS estate's settlement with the estate of Jeffry Picower — is held and administered by the U.S. Department of Justice in the Forfeiture Fund. The Kingate Funds otherwise deny knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 28.

29. The Kingate Funds deny the allegations set forth in Paragraph 29.

30. The allegations in Paragraph 30 state legal conclusions which do not require a response. To the extent a response is required, the Kingate Funds deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 30.

31. The allegations in Paragraph 31 state legal conclusions which do not require a response. To the extent a response is required, the Kingate Funds deny the allegations in Paragraph 31.

32. The Kingate Funds admit that starting in or about April 2011, the Funds solicited bids for the sale of their claims against the BLMIS estate. The Kingate Funds otherwise deny the allegations set forth in Paragraph 32.

33. The Kingate Funds admit that they did not circulate a draft contract for the sale of their claims against the BLMIS estate and the Forfeiture Fund before soliciting bids for that sale. The Kingate Funds otherwise deny the allegations set forth in Paragraph 33.

34. The Kingate Funds admit that Deutsche Bank submitted a bid for the purchase of the Funds' claims from the BLMIS estate, including several different proposed structures for a potential transaction. The Kingate Funds also admit that one of Deutsche Bank's proposals involved a loan of $920 million from Deutsche Bank to the Kingate Funds. The Kingate Funds otherwise deny the allegations set forth in Paragraph 34.

35. Without admitting the accuracy of the quoted language, the Kingate Funds admit that the stated quotes appeared in Deutsche Bank's bid letter of May 25, 2011 (the "Bid Letter"), reject Deutsche Bank's attempt to use these quotes out of context, and respectfully refer the Court to the Bid Letter for an accurate description of the terms therein. The Kingate Funds otherwise deny the allegations set forth in Paragraph 35.

36. Without admitting the accuracy of the quoted language, the Kingate Funds admit that the stated quotes appeared in the Bid Letter, reject Deutsche Bank's attempt to use these quotes out of context, and respectfully refer the Court to the Bid Letter for an accurate description of the terms therein. The Kingate Funds otherwise deny the allegations set forth in Paragraph 36.

37. The Kingate Funds admit that Deutsche Bank's bid was not initially selected, and that the Funds initially sought to sell their BLMIS-related claims to another potential purchaser. The Kingate Funds otherwise deny the allegations set forth in Paragraph 37.

38.     The Kingate Funds admit that, in or about July 2011, they had discussions with Deutsche Bank regarding the purchase of the Funds' claims against the BLMIS estate. The Kingate Funds otherwise deny the allegations set forth in Paragraph 38.

39.     The Kingate Funds deny the allegations set forth in Paragraph 39.

40.     The Kingate Funds admit that, on or about August 18, 2011, Deutsche Bank sent the Kingate Funds' counsel a draft purchase and sale agreement for the Funds' claims against the BLMIS estate, and respectfully refer the court to that draft for an accurate description of its length, spacing, and terms. The Kingate Funds otherwise deny the allegations set forth in Paragraph 40.

41.     The Kingate Funds admit that, in or about August 2011, Deutsche Bank's counsel requested to see the draft settlement between the Funds and the Trustee of the BLMIS estate, and that the Funds provided Deutsche Bank with a copy of the draft settlement agreement thereafter. The Kingate Funds otherwise deny the allegations set forth in Paragraph 41.

42.     Without admitting the accuracy of the quoted language, the Kingate Funds admit that the stated quotes appeared in the draft purchase and sale agreement sent by Deutsche Bank on or about August 18, 2011, reject Deutsche Bank's attempt to use these quotes out of context, and respectfully refer the Court to that draft purchase and sale agreement for an accurate description of the terms therein. The Kingate Funds otherwise deny the allegations set forth in Paragraph 42.

43.     Without admitting the accuracy of the quoted language, the Kingate Funds admit that the stated quotes appeared in the draft purchase and sale agreement sent by Deutsche Bank on or about August 18, 2011, reject Deutsche Bank's attempt to use these quotes out of context, and respectfully refer the court to that draft purchase and sale agreement for an accurate

description of the terms therein. The Kingate Funds otherwise deny the allegations set forth in Paragraph 43.

44. Without admitting the accuracy of the quoted language, the Kingate Funds admit that the stated quotes appeared in the draft purchase and sale agreement sent by Deutsche Bank on or about August 18, 2011, reject Deutsche Bank's attempt to use these quotes out of context, and respectfully refer the court to that draft purchase and sale agreement for an accurate description of the terms therein. The Kingate Funds otherwise deny the allegations set forth in Paragraph 44.

45. The Kingate Funds respectfully refer the court to the August 18, 2011 draft purchase and sale agreement for an accurate description of the terms therein. The Kingate Funds otherwise deny the allegations set forth in Paragraph 45.

46. Without admitting the accuracy of the quoted language, the Kingate Funds admit that the stated quotes appeared in the draft purchase and sale agreement sent by Deutsche Bank on or about August 18, 2011, reject Deutsche Bank's attempt to use these quotes out of context, and respectfully refer the Court that draft purchase and sale agreement for an accurate description of the terms therein. The Kingate Funds otherwise deny the allegations set forth in Paragraph 46.

47. The Kingate Funds respectfully refer the Court to the August 18, 2011 draft purchase and sale agreement for an accurate description of the terms therein, and otherwise deny the allegations set forth in Paragraph 47.

48. The Kingate Funds admit that, on or about August 23, 2011, counsel for the Funds sent a revised draft of the purchase and settlement agreement to counsel for Deutsche Bank. The Kingate Funds otherwise deny the allegations set forth in Paragraph 48.

49. The Kingate Funds admit that, on or about August 24, 2011, William Tacon spoke with Duane Masucci about the purchase and sale agreement. The Kingate Funds respectfully refer the Court to the August 23, 2011 draft purchase and sale agreement for an accurate description of the terms therein. The Kingate Funds otherwise deny the allegations set forth in Paragraph 49.

50. The Kingate Funds admit that Deutsche Bank executed the Confirmation Letter on August 24, 2011, and respectfully refer the Court to the Confirmation Letter for an accurate description of the terms thereof. The Kingate Funds deny the remaining allegations in Paragraph 50.

51. Without admitting the accuracy of the quoted language, the Kingate Funds admit that the stated quotes appeared in the Confirmation Letter, reject Deutsche Bank's attempt to use these quotes out of context, and respectfully refer the Court to the Confirmation Letter for an accurate description of the terms therein. The Kingate Funds otherwise deny the allegations set forth in Paragraph 51.

52. The allegations in Paragraph 52 state legal conclusions which do not require a response. To the extent a response is required, the Kingate Funds deny the allegations in Paragraph 52.

53. The Kingate Funds admit that the purchase price designated in the Confirmation letter is 66.00%, and thus that the aggregate price is greater than $1 billion. Without admitting the accuracy of the quoted language, the Kingate Funds admit that the stated quotes appeared in the Confirmation Letter, reject Deutsche Bank's attempt to use these quotes out of context, and respectfully refer the Court to the Confirmation Letter for an accurate description of the terms therein. The Kingate Funds otherwise deny the allegations set forth in Paragraph 53.

54. The Kingate Funds deny the allegations set forth in Paragraph 54.

55. The allegations in Paragraph 55 state legal conclusions which do not require a response. To the extent a response is required, the Kingate Funds deny the allegations set forth in Paragraph 55.

56. The Kingate Funds admit that, on August 25, 2011, counsel for Deutsche Bank sent a revised purchase and sale agreement to counsel for the Funds. The Kingate Funds otherwise deny the allegations set forth in Paragraph 56.

57. The Kingate Funds deny the allegations set forth in Paragraph 57.

58. The Kingate Funds deny the allegations set forth in Paragraph 58.

59. The Kingate Funds admit that counsel for the Funds and counsel for Deutsche Bank participated in several telephone conversations, and that the draft settlement agreement with the Trustee of the BLMIS estate was among the topics discussed. The Kingate Funds otherwise deny the allegations set forth in Paragraph 59.

60. The Kingate Funds admit that, on or about September 12, 2011, counsel for Deutsche Bank sent a revised purchase and sale agreement to counsel for the Funds, and respectfully refer the Court to that draft for an accurate description of the terms therein. The Kingate Funds otherwise deny the allegations set forth in Paragraph 60.

61. The Kingate Funds admit that in September 2011 counsel for Deutsche Bank requested a copy of the settlement agreement. The Kingate Funds otherwise deny the allegations set forth in Paragraph 61.

62. The Kingate funds admit that Deutsche Bank requested a copy of the settlement agreement. The Kingate Funds further admit that the Kingate Funds, the Madoff Trustee and Deutsche Bank negotiated a form confidentiality agreement. The Kingate Funds further admit

that on September 17, 2011, a copy of the draft settlement agreement was provided to counsel for Deutsche Bank on an "attorneys' eyes only" basis. The Kingate Funds otherwise deny the allegations set forth in Paragraph 62.

63.   The Kingate Funds respectfully refer the Court to the draft settlement agreement for an accurate description of that document. The Kingate Funds otherwise deny the allegations set forth in Paragraph 63.

64.   The Kingate Funds deny the allegations set forth in Paragraph 64.

65.   The Kingate Funds deny the allegations set forth in Paragraph 65.

66.   The Kingate Funds admit that counsel for Deutsche Bank proposed language similar to that included in Paragraph 66 and reject Deutsche Bank's attempt to use this proposed language out of context. The Kingate Funds otherwise deny the allegations set forth in Paragraph 66.

67.   The Kingate Funds deny the allegations set forth in Paragraph 67.

68.   The Kingate Funds admit that counsel for Deutsche Bank proposed other changes to the draft settlement agreement. The Kingate Funds otherwise deny the allegations set forth in Paragraph 68.

69.   The Kingate Funds admit that on or around September 21, 2011, they circulated a revised form of the settlement agreement to the Madoff Trustee. Without admitting the accuracy of the quoted language, the Kingate Funds admit that the stated quotes appeared in the draft settlement agreement sent by the Kingate Funds on or around September 21, 2011, reject Deutsche Bank's attempt to use these quotes out of context, and respectfully refer the court to that draft settlement agreement for an accurate description of the terms therein. The Kingate Funds otherwise deny the allegations set forth in Paragraph 69.

70. Without admitting the accuracy of the quoted language, the Kingate Funds admit that the stated quotes appeared in an email sent by Deutsche Bank's counsel, reject Deutsche Bank's attempt to use these quotes out of context, and respectfully refer the court to that email for an accurate description of the terms therein. The Kingate Funds otherwise deny the allegations set forth in Paragraph 70.

71. Without admitting the accuracy of the quoted language, the Kingate Funds admit that the stated quotes appeared in an email sent by counsel for the Kingate Funds to counsel for Deutsche Bank on or about September 23, 2011, reject Deutsche Bank's attempt to use these quotes out of context, and respectfully refer the court to that email for an accurate description of the terms therein. The Kingate Funds otherwise deny the allegations set forth in Paragraph 71.

72. The Kingate Funds deny the allegations set forth in Paragraph 72.

73. The Kingate Funds deny the allegations set forth in Paragraph 73.

74. Without admitting the accuracy of the quoted language, the Kingate Funds admit that the stated quotes appear in an email sent by counsel for the Kingate Funds to counsel for Deutsche Bank in early October, 2011, reject Deutsche Bank's attempt to use these quotes out of context, and respectfully refer the court to that email for an accurate description of the terms therein. The Kingate Funds otherwise deny the allegations set forth in Paragraph 74.

75. The Kingate Funds admit that in November 2011, they sent a revised form of draft purchase and sale agreement together with a revised form of settlement agreement to counsel for Deutsche Bank. The Kingate Funds further admit that counsel for Deutsche Bank did not engage in any negotiations regarding these documents, instead rejecting the agreements outright. The Kingate Funds otherwise deny the allegations set forth in Paragraph 75.

76. The Kingate Funds admit that they have asserted Deutsche Bank's negotiating position is a pretext for its taking advantage of a recent drop in the market price for claims in the BLMIS estate. The Kingate Funds otherwise deny the allegations set forth in Paragraph 76.

77. The Kingate Funds deny the allegations set forth in Paragraph 77.

### ANSWER TO COUNT ONE
### (FOR DECLARATORY RELIEF)

78. The Kingate Funds repeat and reallege the responses set forth in Paragraphs 1 through 77, above.

79. The allegations in Paragraph 79 state legal conclusions which do not require a response. To the extent a response is required, the Kingate Funds admit the allegations in Paragraph 79.

80. Without admitting the accuracy of the quoted language, the Kingate Funds admit that the stated quotes appeared in the Confirmation Letter, reject Deutsche Bank's attempt to use these quotes out of context, and respectfully refer the court to the Confirmation Letter for an accurate description of the terms therein. The Kingate Funds otherwise deny the allegations set forth in Paragraph 80.

81. The Kingate Funds deny the allegations set forth in Paragraph 81.

82. The Kingate Funds deny the allegations set forth in Paragraph 82.

83. The Kingate Funds deny the allegations set forth in Paragraph 83.

84. The Kingate Funds admit that they have asserted that Deutsche Bank is obliged to consummate the transaction set forth in the Confirmation Letter. The Kingate Funds otherwise deny the allegations set forth in Paragraph 84.

85. The Kingate Funds admit that a real and immediate controversy exists between the parties. The Kingate Funds otherwise deny the allegations set forth in Paragraph 85.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any matters where that burden rests on Deutsche Bank, the Kingate Funds allege the following defenses with respect to the Complaint:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

Deutsche Bank fails to allege facts sufficient to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
(Unclean Hands, Estoppel, and Waiver)

Deutsche Bank's claim is barred by the equitable doctrines of unclean hands, estoppel, and waiver.

### THIRD AFFIRMATIVE DEFENSE
(Implied Covenant of Good Faith)

Deutsche Bank's claim is barred, in whole or in part, because it violated the implied covenant of good faith and fair dealing.

### FOURTH AFFIRMATIVE DEFENSE
(Kingate's Performance Excused)

To the extent Deutsche Bank alleges that the Kingate Funds failed to perform any obligations under the Confirmation Letter, any such failure was caused by Deutsche Bank's failure to comply with the Confirmation Letter. Consequently, such performance by the Kingate Funds was excused by Deutsche Bank's improper frustration of the conditions and terms of the Confirmation Letter and is not a justification for Deutsche Bank's failure to perform.

## RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES

The Kingate Funds give notice that they intend to rely upon such other further defenses as may become available during pretrial proceedings in this action and hereby reserve all rights to amend this Answer and all such defenses.

DATED:  New York, New York
        February 1, 2012

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By: _____
    Richard I. Werder, Jr.

51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
(212) 849-7000

*Attorneys for Plaintiffs Kingate Global Fund Ltd. and Kingate Euro Fund Ltd.*