USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/23/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KINGATE GLOBAL FUND LTD. and
KINGATE EURO FUND LTD.,

    Plaintiffs-Counterclaim Defendants,

v.

DEUTSCHE BANK SECURITIES INC.,

    Defendant-Counterclaim Plaintiff.

No. 11 CIV. 9364 (DB)

**STIPULATED ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

WHEREAS, the parties to this action request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED:

1.     The party or person producing or disclosing documents or testimony ("Producing Party") in connection with this action may designate those documents or testimony as "Confidential," either by notation on the document, statement on the record of the deposition, written advice to the respective undersigned counsel for the parties hereto, or by other appropriate means.

2.     As used herein:

a. "Confidential Information" shall mean all documents and Testimony, and all information contained therein, and other information designated as confidential, if such documents or Testimony contain

i. previously non-publicly disclosed financial information (including without limitation, information concerning profitability reports or estimates, percentage fees, revenues, income, assets, liabilities, collateral calls, collateral posting, compensation, minimum guarantee payments, sales reports, and sale margins);

ii. previously non-publicly disclosed material relating to ownership or control of any non-public company;

iii. previously non-publicly disclosed business plans, product-development information, or marketing plans;

iv. previously non-publicly disclosed proprietary trading, transactional or other commercially sensitive information;

v. any information of a personal or intimate nature regarding any individual; or

vi. any other category of information this Court subsequently affords confidential status.

b. "Receiving Party" shall mean the party to this action and/or any non-party receiving "Confidential Information" in connection with depositions, document production or otherwise.

3. The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a document or other material as Confidential Information. If the Producing Party does not agree to declassify such document or

material, the Receiving Party may move before the Court for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information. If such motion is filed, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise.

4. Except with the prior written consent of the Producing Party or by order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except:

    a. to personnel of the parties actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

    b. to counsel for the parties retained specifically for this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

    c. to expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with Paragraph 6 hereof;

    d. to the Court and court personnel, if filed in accordance with Paragraph 9 hereof;

e. to an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with Paragraph 8 hereof;

f. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

g. to trial and deposition witnesses, if furnished, shown or disclosed in accordance with Paragraph 8 hereof;

h. as required by law; and

i. to any other person agreed to by the parties.

5. Confidential Information shall be utilized by the Receiving Party and its counsel only for purposes of this litigation and for no other purposes.

6. Before any disclosure of Confidential Information is made to an expert witness or consultant, counsel for the Receiving Party shall provide the expert's written agreement, in the form of Exhibit A attached hereto ("Confidentiality Agreement"), to comply with and be bound by its terms. Counsel for the parties obtaining the Confidentiality Agreement shall supply a copy to counsel for the other party at the time of the disclosure of the information required to be disclosed by Federal Rule of Civil Procedure 26(a)(2), except that any Confidentiality Agreement signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

7. All depositions shall presumptively be treated as Confidential Information and subject to this Order during the deposition and for a period of ten (10) days after a transcript of said deposition is received by counsel for each of the parties. At or before the end of such ten day period, the deposition shall be classified appropriately.

8. This Order shall not preclude counsel for the parties from using during any deposition, trial, or hearing in this action any documents or information which have been designated as "confidential" under the terms hereof. Any court reporter or witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Order and shall execute the Confidentiality Agreement annexed hereto. Counsel for the party obtaining the Confidentiality Agreement shall supply a copy to counsel for the other party.

9. In filing materials containing Confidential Information with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Information ("Confidential Court Submission"), the parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

10. Recipients of Confidential Information under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, competitive or other purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any party with respect to its own documents or information produced in this action.

11. Nothing in this Order will impose any restrictions on the use or disclosure by a person subject to this Order of documents, material or information obtained by such person independently of discovery proceedings in this action, whether or not such documents, material or information are also obtained through discovery proceedings in this action.

12. Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Order.

13. The production or disclosure of Confidential Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this action or in any other action. Any document or testimony containing Confidential Information that has been inadvertently produced without identification as to its confidential nature may be so designated by the Producing Party by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

14. A Producing Party's inadvertent disclosure in connection with this action of one or more documents that such Producing Party believes constitute, contain or reflect information otherwise protected by the attorney-client privilege, the work product doctrine or any other privilege or immunity from discovery ("Privileged Documents"), shall not constitute a waiver with respect to such Privileged Documents or generally of such privilege or immunity in this case or any other action. If a Receiving Party receives materials that obviously appear to be subject to an attorney-client privilege or otherwise protected by a discovery privilege or immunity and it is reasonably apparent that the materials were provided or made available through inadvertence, the Receiving Party receiving such materials must refrain from examining the materials any more than is essential to ascertain if the materials are privileged, and shall immediately notify the Producing Party in writing that he or she possesses material that appears to be privileged. In the event of inadvertent disclosure of alleged Privileged Documents, the Producing Party may provide notice to the other parties advising of the disclosure and requesting

return of the alleged Privileged Documents. Upon such notice, the Receiving Party shall make no further use of the alleged Privileged Documents, and within five (5) days of receiving such notice of inadvertent production of Privileged Documents, the Receiving Party shall return all documents identified by the Producing Party in such notice and shall expunge from any other document information or material derived from the inadvertently produced allegedly Privileged Documents. In the event that there is a dispute over whether the documents at issue are protected from disclosure by virtue of a privilege or immunity from discovery, all counsel shall undertake reasonable efforts to resolve the issue without court intervention within ten (10) days of such notice of inadvertent production of Privileged Documents. To the extent counsel cannot resolve the issue within ten (10) days, the Receiving Party may bring a motion to compel production of the alleged Privileged Documents, but may not assert as a ground for compelling production the fact or circumstance that the alleged Privileged Documents have already been produced. In the event of a motion to compel production of the alleged Privileged Documents, it shall be the responsibility of the Producing Party to provide, in its opposition to the motion to compel, information regarding the content and context of the alleged Privileged Documents sufficient to establish the applicability of any asserted privilege or immunity from discovery, and if the Court so requests the Producing Party shall provide the alleged Privileged Documents to the Court for in camera review.

15. If any third party (including a governmental agency) subpoenas, requests or moves to compel disclosure by a Receiving Party (including any person to whom a Receiving Party discloses Confidential Information) of any of the Confidential Information, or if any Receiving Party is otherwise requested or required (by oral questions, interrogatories, request for information or documents, civil investigative demand or similar process) to disclose any

Confidential Information, such Receiving Party shall (a) if practicable give notice to counsel for the Producing Party via electronic mail or facsimile not more than three (3) business days after the Receiving Party receives such subpoena or other discovery request, and which notice shall include or attach a complete copy of the subpoena or other discovery request or (b), to the extent it is not practicable to comply with clause 18(a) above, shall give notice to counsel for the Producing Party as soon as practicable pursuant to the terms hereof; provided, however, that there shall be no obligation to provide notice of such subpoena or other discovery request where such notice is prohibited by subpoena, regulation, court order, or operation of law. The Producing Party may seek an appropriate protective order, object to such subpoena, oppose such motion, or take such other action as it deems necessary to protect its interest, at its discretion. No Receiving Party shall disclose Confidential Information in response to a subpoena or other discovery request before the date required by the terms of thereof or by applicable law. If, failing the entry of a protective order, a Receiving Party is compelled to disclose Confidential Information, that Receiving Party may, without liability hereunder, disclose such portion of the Confidential Material as it is so compelled to disclose.

16. This Order is entered into without prejudice to the right of any party to seek relief from, or modification of, this Order or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Civil Practice Law and Rules or other applicable law.

17. This Order shall continue to be binding after the conclusion of this litigation except:

    a. there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and

b. a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of any provision of this Order.

18. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

19. Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, unless return or destruction is contrary to law or applicable court order. In the event that any party chooses to destroy Confidential Information, such party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such Confidential Information, and that such Confidential Information has been destroyed to the best of its knowledge. Within thirty (30) days after the final termination of this litigation by settlement or exhaustion of all appeals, the Receiving Party shall request that any party obtaining documents under the Confidentiality Agreement destroy or return that Confidential Information. Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Order shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility.

20. This Order may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information. This Court will

retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

21. The provisions of this Order shall become effective upon entry by the Court; however, all Discovery Material produced and designated as Confidential pursuant to this Order prior to the entry of this Order by the Court shall be subject to, and governed by, its provisions as though it had been entered by the Court prior to such designation.

Dated: New York, New York

February 21, 2012

MILBANK, TWEED, HADLEY, & McCLOY LLP

By: _____
Thomas A. Arena (TA-4613)
Mia C. Korot

One Chase Manhattan Plaza
New York, New York 10005
Tel: (212) 530-5000

*Attorneys for Defendant-Counterclaim Plaintiff Deutsche Bank Securities Inc.*

QUINN EMANUEL URQUHART & SULLIVAN LLP

By: _____
Richard I. Werder, Jr.

51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: (212) 849-7000

*Attorneys for Plaintiffs-Counterclaim Defendants Kingate Global Fund Ltd. and Kingate Euro Fund Ltd.*

SO ORDERED:

_____
Deborah Batts
United States District Judge
February 23, 2012

10